UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

DR. MICHAEL C. GRAYSON,

              Plaintiff,

              v.

ROSLYN WILLIAMS, MELINDA EMERSON,
DR. WILLIS PUMPHRE, CLEARCORRECT
HOLDINGS, INC., CLEARCORRECT INC.,
CLEARCORRECT OPERATING, LLC, and
CLEARCORRECT SYSTEMS LLC,

              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-5303 (MKB)

------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Dr. Michael C. Grayson, proceeding *pro se*, commenced the above-captioned action on September 13, 2019. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants failed to pay him for his credit restoration and loan brokerage services, and seeks compensatory and punitive damages. (*See id.* ¶¶ 1, 6.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

**I. Background**

The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order.

Plaintiff alleges that he is "in the business of loan brokering and credit restoration." (Compl. ¶ 1.) Plaintiff contends that, "[a]s part of a contractual arrangement," he secured a loan

for Dr. Willis Pumphrey, owner of Clear Correct Holdings, in the amount of $350,000, and that Pumphrey subsequently "refused to pay . . . Plaintiff's service fee." (*Id.* ¶¶ 1–2.) In addition, Plaintiff alleges that, "[a]s part of . . . contractual agreement[s]," he "provided credit restoration services" for Melinda Emerson and Roslyn Williams, both of whom subsequently "refused to pay . . . Plaintiff's service fee." (*Id.* ¶¶ 6, 11.) Plaintiff brings claims for fraud, conversion, tortious interference with a contract, breach of contract, and unjust enrichment, and seeks declaratory relief and money damages. (*Id.* ¶¶ 18–61.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. The Court lacks subject matter jurisdiction

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.*

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction.").

Plaintiff asserts that the Court has jurisdiction over this action pursuant to New York Civil Procedure Law § 301. (Aff. of Dr. Michael C. Grayson ("Pl. Aff.") ¶ 12, annexed to Compl., Docket Entry No. 1.) Plaintiff does not identify any federal law pertaining to his claims, and the Court cannot identify any such federal claims, as Plaintiff raises state law claims for fraud, conversion, tortious interference with a contract, breach of contract, and unjust enrichment. (*See* Compl. ¶¶ 18–57.) Because Plaintiff's claims do not arise under a federal law or the Constitution of the United States, the Court lacks federal question subject matter jurisdiction. 28 U.S.C. § 1331.

In addition, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332 which requires complete diversity of citizenship between plaintiffs and defendants and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties." (citing 28 U.S.C. § 1332(a))). Plaintiff does not assert the citizenship of any of the parties, but he does allege that both he and Defendant Williams are residents of New York. (Pl. Aff. ¶¶ 9–10.) Thus, it appears that complete diversity is lacking, and diversity of citizenship is therefore not satisfied.

Moreover, to properly invoke diversity subject matter jurisdiction under section 1332, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. "A plaintiff may satisfy the jurisdictional minimum by aggregating claims against multiple defendants when their liability is

4

common, undivided, or joint." *Esmilla v. Cosmopolitan Club*, No. 09-CV-10169, 2011 WL 814007, at *4 (S.D.N.Y. Mar. 3, 2011) (citing *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 933–35 (2d Cir. 1998)). "Aggregation to achieve diversity jurisdiction is barred," however, "when the liability of the defendants is several and not joint." *E.R. Squibb & Sons, Inc.*, 160 F.3d at 933; *see also Nastasi v. Lari*, No. 15-CV-6066, 2017 WL 943935, at *3 (E.D.N.Y. Mar. 29, 2017) ("By contrast, when defendants' liabilities are several and distinct, the amount in controversy threshold must be met with respect to each and every individual defendant regardless of whether the claims are temporally proximate or factually interrelated."); *K. Bells & Assocs., Inc. v. Lloyd's Underwriters*, No. 92-CV-5249, 1998 WL 274346, at *5 (S.D.N.Y. 1998) ("It is well-established that aggregation of a plaintiff's claims against multiple defendants is impermissible unless defendants' liability is joint, rather than several." (citing *Sovereign Camp, W.O.W. v. O'Neil*, 266 U.S. 292, 295 (1924)); *Chase Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 870, 874 (S.D.N.Y. 1995) ("When liability among defendants is several, a plaintiff cannot aggregate its claims against individual defendants in order to satisfy the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332. It must satisfy the jurisdictional amount with respect to each defendant.").

Plaintiff does not allege facts suggesting that Defendants' "liability is common, undivided, or joint," *Esmilla*, 2011 WL 814007, at *4. (*See generally* Compl.) As to each individual Defendant, Plaintiff alleges that he has been damaged in an amount less than $75,000.[1] (*See id.* ¶¶ 1–2, 6–7, 11–12.)

---

[1] As to Emerson, Plaintiff also asserts that he seeks punitive damages in the amount of $1,000,000, (Compl. ¶ 6), but alleges no facts to support such a claim. *See Sec. Plans, Inc. v.*

5

## III. Conclusion

Accordingly, the Court dismisses the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. However, in view of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the Complaint to allege facts, if possible, to support subject matter jurisdiction. The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: November 6, 2019
       Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge

---

*CUNA Mut. Ins. Soc.*, 769 F.3d 807, 814 n.5 (2d Cir. 2014) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." (quoting *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)); *Harris v. Doe*, No. 17-CV-7256, 2018 WL 1997976, at *2 (E.D.N.Y. Apr. 27, 2018).